UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

R&R STAMFORD CONVIENCE MART CORP.
SAHDEV, LLC
NAKUL LLC
JEET LLC                                            Civil Action No.
PARAM JOT LLC
RICHARDS AVE LLC
GEORGETOWN SERVICE INC, Plaintiffs

v.

WILTON MOTIVA ASSOCIATES LLC
ATLANTIS MANAGEMENT GROUP LLC
ATLANTIS MANAGEMENT GROUP II LLC
WHOLESALE FUEL DISTRIBUTORS-CT, LLC
CONNECTICUT DEALER STATIONS, LLC
Defendants                                          May 26, 2021

## COMPLAINT

### I. Parties:

1. The plaintiffs are: SAHDEV, LLC, NAKUL LLC, JEET LLC, PARAM JOT LLC, and RICHARDS AVE LLC, each a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut and R&R STAMFORD CONVIENCE MART CORP., and GEORGETOWN SERVICE INC each a corporation organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut, (hereinafter plaintiffs shall be referred to collectively as "Franchised Dealers")

2. The defendants are: ATLANTIS MANAGEMENT GROUP LLC, WHOLESALE DISTRIBUTORS CT LLC, and CONNECTICUT DEALER STATIONS LLC each a Delaware LLC authorized to conduct business in Connecticut; and ATLANTIS

MANAGEMENT GROUP II LLC, a New York LLC authorized to do business in Connecticut; and WILTON MOTIVA ASSOCIATES LLC a Connecticut LLC.

## II. Jurisdiction and Venue

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, as a claim arises under federal law; namely the Petroleum Marketing Practices Act 15 U.S.C. §2801 et seq. Jurisdiction over the remaining claims exists pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all, or a substantial part of the events giving rise to the claim occurred in this District.

## III. Facts

5. The plaintiff Dealers were, at all relevant times, prior to April 15, 2021, parties to a franchise relationship with one or more of the defendants WILTON MOTIVA ASSOCIATES LLC, WHOLESALE DISTRIBUTORS CT LLC, and CONNECTICUT DEALER STATIONS LLC (hereinafter collectively the "Franchisor Defendants").

6. On or about April 15, 2021, the Franchisor Defendants advised the Dealers that the Franchisor Defendants had entered a contract to sell the premises upon which the Dealers' service station businesses were operated.

7. The Dealers were later advised the buyers under the contract were the defendants, ATLANTIS MANAGEMENT GROUP LLC and/or ATLANTIS MANAGEMENT GROUP II LLC. (hereinafter, collectively "Buyers").

8. Each of the Dealers received a document entitled "Right of First Refusal Notice/Offer" dated April 15, 2021 (hereinafter "ROFR Notice")(a redacted exemplar copy of which is attached hereto as Exhibit A).

9. The ROFR Notice provides: "[I]n accordance with the Connecticut General Statute §42-133mm(c)(2) and the Petroleum Marketing Practices Act 15 U.S.C. §2802(b)(3)(D), you are hereby offered a right of first refusal to acquire the Premises, including the equipment, for the aforementioned price of ..., all cash which Wilton Motiva Associates, LLC has found to be an acceptable bona fide offer made in good faith and in the normal course of business."

10. The ROFR Notice further provides: "This bona fide offer includes the purchase of the premises 'as is,' subject to due diligence."

11. The ROFR Notice further provides: "PLEASE TAKE FURTHER NOTICE that you are obligated under the existing supply agreement for the Premises regardless of whether or not you elect to accept the Right of First Refusal."

12. No Dealer was provided a copy of the purported "bona fide offer" which they were required to accept or reject, despite demand.

13. No Dealer was advised the time period for the "due diligence" referred to in the ROFR Notice. However counsel was advised on May 26, 2021 that the due diligence period would be zero days, or in other words, non-existent.

14. The Buyers ATLANTIS MANAGEMENT GROUP LLC and/or ATLANTIS MANAGEMENT GROUP II LLC are not "obligated under [the Dealers'] existing supply agreement for the Premises" despite the reference made in the ROFR Notice.

15. As a result of the foregoing, the ROFR Notice is facially deficient.

16. Each of the Franchised Dealers were permitted to occupy leased marketing premises, which premises were employed in connection with the sale, consignment or distribution of motor fuel under a trademark; namely "Shell".

17. The Franchise Dealer's relationship with the Franchise or Defendants constitute a franchise pursuant to both Conn. Gen. Stat. §42-133mm and 15 U.S.C. §2801 et seq.

18. The Franchise Dealer's relied upon Franchise or Defendants to be ready, willing and able to fulfill the many contractual obligations of a gasoline franchisor and/or landlord that existed between the Franchisor Defendants and Franchise Dealers.

19. As set forth hereinabove and in the ROFR Notice, the Franchisor Defendants entered into a transaction with Buyers which purports to transfer the real estate interests in the gasoline marketing premises that the Franchise Dealers currently lease.

20. Upon information and belief, the defendants take the position that once the transaction is consummated the Franchisor Defendants shall not have any obligation to assure performance of the contractual obligations as set forth in the Dealers franchises and the other contractual obligations with the Franchise Dealers.

21. As a result, the Dealers cannot be assured that Buyers can or will meet the obligations to the Franchisor Defendants as their franchisor.

22. In addition to the foregoing, the defendants, provided the plaintiffs with no advance notice of any of the aforementioned actions.

## COUNT I — CONNECTICUT UNFAIR TRADE PRACTICES ACT

23. Paragraphs 1 through 22 hereinabove are hereby incorporated by reference and made paragraphs 1 through 22 of this the First Count.

23. The Defendants are engaged in commerce throughout the State of Connecticut.

24. The actions of the defendants, as set forth hereinabove and hereinbelow, constitute unfair competition and/or unfair or deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act. Conn. Gen. Stat. § 42-110b et seq.

25. As a result of the foregoing, the plaintiffs will suffer economic harm and will continue to suffer economic harm.

26. As a result, the plaintiffs are entitled to their remedies under Conn. Gen. Stat. § 42-110g.

## COUNT II – BREACH OF CONTRACT

27. Paragraphs 1 through 26 of the First Count are hereby incorporated by reference and made paragraphs 1 through 26 of this the Second Count.

28. To the extent that a right to delegate duties (as distinct from assigning rights) is expressly or impliedly permitted by contract, the Franchisor Defendants must nevertheless guarantee the performance of their delegatees with respect to the plaintiff's franchises regardless of the length of said relationship.

29. In order for a party such as Franchisor Defendants to delegate contractual duties to a third party, the other party to the contract; namely, the Dealers herein, must consent to the delegation. The Dealers have not consented to the delegation.

30. In addition, in order for a party such as the Franchisor Defendants to delegate contractual duties to a third party, the other party to the contract, in this case the Dealers herein, must be accorded full return performance by the delegatee of the contract.

31. The term of the franchise relationship is evergreen in nature by operation of statute and the Dealer's contract and applicable law.

32. The Dealers have not received any assurance that the Franchisor Defendants will guarantee or otherwise assure any other entities' performance of the contact or any renewal thereof.

33. The plaintiffs have not received any assurance that the Buyers, or any other entity will satisfactorily perform the contracts in a manner identical to the Franchisor Defendants.

34. As a result, of the defendants' conduct the express and implied contracts with the Dealers have been prospectively breached by the Franchisor Defendants.

35. As a further result, the plaintiffs suffered or will suffer monetary damages.

36. As a further result, the plaintiffs are entitled to injunctive relief including specific performance of the express or implied contracts.

## COUNT III -COVENANT OF GOOD FAITH

37. Paragraphs 1 through 36 of the Second Count are hereby incorporated by reference and made paragraphs 1 through 36 of this the Third Count.

38. A covenant of good faith and fair dealing is implied in each and every contract and contractual relationship.

39. The defendant's actions and proposed actions, as set forth hereinabove and hereinbelow, violate the implied covenant of good faith and fair dealing.

40. As a result each of the plaintiffs has suffered monetary damages.

## COUNT IV – STATUTORY RIGHT OF REFUSAL

41. Paragraphs 1 through 40 of the Fourth Count are hereby incorporated by reference and made paragraphs 1 through 40 of this the Fourth Count.

42. Each of the properties upon which the plaintiffs franchises are operated were obtained by the Franchise or Defendants pursuant to a Special Warranty Deed dated March 28, 2008 which constitutes a sale, assignment or other transfer of the premises upon which the Dealers operate their service stations.

43. The proposed transaction between the Franchisor Defendants and the Buyers constitutes a second sale, assignment or other transfer.

44. To date, none of the Dealers has been tendered a non-defective or even facially complete bona fide right bona fide Right of First Refusal to accept or reject the offer made by Buyers to the purchase of said premises.

45. As a result, the defendants failed to comply with their obligations under Conn. Gen. Stat. §42-133mm.

46. As a further result, the plaintiffs are entitled to monetary and injunctive relief.

## COUNT V – PMPA VIOLATION 28 USC §2801 et seq.

47. Paragraphs 1 through 46 of the Fourth Count are hereby incorporated by reference and made paragraphs 1 through 46 of this the Fifth Count.

48. The contemplated transaction between the Franchisor Defendants and the Buyers constitutes either a termination or non-renewal pursuant to 15 U.S.C. § 2802.

49. The Defendants wholly failed to comply with the notice requirements of 15 U.S.C. § 2804.

50. Neither date referred to in ROFR Notice; April 15, 2021 nor May 31, 2021 is a date on which a Dealer's franchise was subject to renewal.

51. No appropriate grounds for termination under 15 U.S.C. §2802 exist or are claimed by the Defendants.

52. The Franchisor Defendants' assertion that the ROFR Notice complied with 15 U.S.C. §2802(b)(3)(D) is incorrect.

53. As a result the plaintiffs are entitled to their remedies under 15 U.S.C. § 2805.

**WHEREFORE,** the plaintiffs demand:

a. Statutory relief as set forth;

b. An injunction enjoining the defendants from engaging in practices complained of herein;

c. A permanent injunction enjoining the transfer/delegation or assignment of the Dealers franchises;

d. An injunction mandating that the real estate interests for the franchise locations on which the plaintiff's stations are located be offered to the plaintiffs under the same terms as they were offered to the Buyer's or any other third party or in the alternative, that each plaintiff be offered a bona fide right to purchase the real property on which it station is located.

e. Actual damages;

f. Punitive damages;

g. Treble damages;

h. Attorneys' fees and costs';

i. In order enjoining the defendant's from tendering renewal contracts with terms different from their existing (or expiring) contracts with the Franchisor Defendants;

j. An order that the defendants provide to the plaintiffs bona fide Rights of First Refusal to purchase each service station referred to hereinabove;

k. An order of specific performance with respect to the express or implied contracts; and,

l. Such other relief as the Court deems just and proper.

                THE PLAINTIFFS,

By: _____
John J. Morgan
BARR & MORGAN
84 W. Park Pl.
Stamford, CT 06901
Tel. No. (203) 356-1595
Fax No. (203) 357-8397
Juris No. CT13312

# EXHIBIT A

WILTON MOTIVA ASSOCIATES, LLC
237 MAMARONECK AVENUE
WHITE PLAINS, NEW YORK 10605
(914) 683-8000

April 15, 2021

Via Certified Mail, Return Receipt Requested



Suresh Patel
Nakul LLC
247 Main Avenue
Norwalk, Connecticut 06851

### RIGHT OF FIRST REFUSAL NOTICE/OFFER

PLEASE TAKE NOTICE that Wilton Motiva Associates, LLC ("Seller") has received a bona fide offer made by another to acquire the premises located at 247 Main Avenue, Norwalk, Connecticut 06851 (the "Premises").

The offer is part of a sale of two or more properties offered as a package. The price offered for this Premises is $1,585,714.

PLEASE TAKE FURTHER NOTICE that, in accordance with the Connecticut General Statute § 42-133 mm (c)(2) and the Petroleum Marketing Practice Act 15 U.S.C. § 2802 (b)(3)(D), you are hereby offered a right of first refusal to acquire the Premises, including the equipment, for the aforementioned price of $1,585,714, all cash which Wilton Motiva Associates, LLC has found to be an acceptable bona fide offer made in good faith and in the normal course of business. This bona fide offer includes the purchase of the Premises "as-is," subject to due diligence. The closing date shall be on or about thirty (30) days after the expiration of the Due Diligence Date or such date set by Seller at its sole discretion provided same is not earlier than thirty (30) days after the expiration of the Due Diligence Period. Time is of the essence.

PLEASE TAKE FURTHER NOTICE that the law permits you forty-five (45) days in which to either accept or reject the terms of this bona fide offer. If we do not receive a response from you before the forty-five day deadline, May 31, 2021, we shall deem the Right of First Refusal rejected.

In the event you elect to exercise the Right of First Refusal, please notify Wilton Motiva Associates, LLC in writing by certified mail to:

    Wilton Motiva Associates, LLC
    c/o Silverman Realty Group, Inc
    237 Mamaroneck Avenue
    White Plains, New York 10605

together with a ten (10%) down payment of $158,571 by certified or bank check payable to Albert J. Pirro, Jr., as Escrow Attorney; and e-mail a copy of such exercise of the right of first refusal to:

    Leon Silverman    leon@silvermanrealty.com
    Albert J. Pirro, Jr.    ajp@pirrogroup.com

PLEASE TAKE FURTHER NOTICE that closing of this transaction, if elected, (the "Closing") shall take place at the office of the Seller's counsel, Albert J. Pirro, Jr., Esq., One North Lexington Avenue, White Plains, New York 10601.

PLEASE TAKE FURTHER NOTICE that you are obligated under the existing supply agreement for the Premises regardless of whether or not you elect to accept the Right of First Refusal.

A copy of the summary statement described in Section 104(d) [15 U.S.C. § 2804(d)] of the Petroleum Marketing Practices Act is enclosed herewith. Thank you for your attention to this matter.

Very truly yours,

Wilton Motiva Associates, LLC
by its Managing Member, 372 Managers, Ltd.

*[signature]*

By: Leon Silverman, its President
Enclosure